IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

|  |  |  |
|---|---|---|
| FRANCIS LAFFEY, | ) ) ) | 1:22-CV-00173-RAL |
| Petitioner | ) ) ) | RICHARD A. LANZILLO |
|  | ) | Chief United States Magistrate Judge |
| v. | ) ) |  |
| THE COMMONWEALTH OF | ) ) | MEMORANDUM OPINION ON |
| PENNSYLVANIA BOARD OF | ) | PETITION FOR WRIT OF HABEAS |
| PROBATION AND PAROLE, | ) ) | CORPUS |
| Respondent | ) ) | ECF NO. 7 |
|  | ) |  |

I.     Introduction

This matter is before the Court for consideration of the Petition for Writ of Habeas Corpus filed by Petitioner Francis Laffey ("Laffey" or "Petitioner") pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). ECF No. 7. Petitioner is challenging the Pennsylvania Board of Probation and Parole's ("Board") recalculation of his maximum sentence date following his arrest while on parole. *Id.* For the following reasons, Laffey's Petition will be denied and no certificate of appealability will issue.[1]

II.     Background

In 2008, Petitioner was sentenced in state court to a term of incarceration of 7 to 15 years. ECF No. 18-1. His maximum sentence date was calculated as July 9, 2022. *Id.*

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

On June 3, 2018, Petitioner was arrested and charged with additional state crimes while on parole from his 2008 conviction. ECF No. 4-2. Based on his arrest, the Board issued a decision on February 6, 2019, revoking Petitioner's parole and recommitting him as a convicted parole violator. *Id.* Because the Board declined to give Petitioner credit for the time that he spent at liberty on parole, his maximum sentence date was recalculated as January 8, 2023. *Id.* Petitioner filed a petition for administrative review with the Board and appealed that decision to the Commonwealth Court,[2] but did not seek further review of that decision in the Pennsylvania Supreme Court.

    A.       Analysis

         1.  Exhaustion

As a general matter, a federal district court may not consider the merits of a habeas petition unless the petitioner has "exhausted the remedies available" in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A petitioner satisfies the exhaustion requirement "only if [he or she] can show that [they] fairly presented the federal claim at each level of the established state-court system for review." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004). The purpose of the exhaustion requirement is to "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts … by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

An important corollary to the exhaustion requirement is the doctrine of procedural default. "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims" has

---

[2] The Commonwealth Court issued a decision affirming the Board on October 14, 2020. ECF No. 18-1.

deprived the state courts of an opportunity to address the merits of those claims "in the first instance." *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). Thus, when an applicant has failed to "fairly present" his claim to the state courts, and state procedural rules now bar him from doing so, the exhaustion requirement is deemed satisfied due to the lack of available state process, but the claims "are considered to be procedurally defaulted." *McKenzie v. Tice*, 2020 WL 1330668, at *5 (M.D. Pa. Mar. 23, 2020) (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)). Such claims may not ordinarily be reviewed by a federal court. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) ("[A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule.") (citations omitted).

Apropos to the instant case, Petitioner needed to do three things to properly exhaust his claims against the Board. First, Petitioner had to file a timely petition for administrative review of the Board's decision. *See* 37 Pa. Code § 73.1. Next, he needed to appeal that decision to the Commonwealth Court of Pennsylvania in a timely manner. *See* 42 Pa. C.S. § 763(a). Finally, he needed to file a petition for allowance of appeal with the Pennsylvania Supreme Court within thirty days of the Commonwealth Court's decision. Pa. R.A.P. 1114. *See also Williams v. Wynder*, 232 Fed. Appx. 177, 179-80 (3d Cir. 2007) (holding that a party challenging the Board's parole revocation decision is "required to exhaust his available state remedies by filing a petition for allowance of appeal in the Pennsylvania Supreme Court"). The record reflects that Petitioner completed the first and second of these steps, but not the third. As such, Petitioner' challenge to the Board's parole revocation decision and calculation of his maximum sentence is procedurally defaulted and cannot be reviewed in this Court. *See, e.g., Williams*, 232 Fed. Appx. at 181 ("Mr. Williams . . . is time-barred under state law from seeking allocator to the Pennsylvania Supreme

Court, and his failure to seek allocator is an adequate and independent state ground barring federal review of his claims."); *Johnson v. Pa. Bd. of Prob. & Parole*, 2020 WL 4925682, at * (W.D. Pa. Aug. 21, 2020) (finding procedural default where parole violator failed to properly exhaust his challenge to the Board's recalculation of his maximum sentence by filing a petition for allowance of appeal to the Pennsylvania Supreme Court).

    2.   Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and provides:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1). *Caldwell v. Mahally, et al.*, 2019 WL 5741706, *5 (W.D. Pa. Nov. 5, 2019). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). *Id.* at *6. Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented. *Id.* at *8.

Turning first to the "trigger date," Petitioner's judgment became final on or about November 14, 2020, at the expiration of the 30-day period in which he could have filed a petition for allowance of appeal to the Pennsylvania Supreme Court. *See, e.g., Moore v. Brittian*, 2022 WL 4001981, at *4 (holding that the applicable start date for the statute of limitations in the parole revocation context is "the date the revocation of parole became final") (citing 28 U.S.C. § 2244(d)(1)(D)); *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review). In the absence of statutory or equitable tolling,[3] the statute of limitations for Petitioner to file a timely habeas petition expired one year later, on November 14, 2021. His petition, filed in June 2022, missed that mark by almost seven months.

3.  Merits

Even if Petitioner's claim had been properly exhausted, it is legally frivolous. Petitioner's sole claim for relief challenges the Board's authority to recalculate his maximum sentence after he was recommitted as a convicted parole violator. Relying on boilerplate language appearing in

---

[3] Petitioner has made no attempt to demonstrate that he is entitled to any form of tolling.

dozens of identical petitions filed in this Court in recent years, Petitioner claims that the Board's statutorily delegated right to extend a parolee's maximum sentence under 61 Pa. C.S. § 6138(a)(2)[4] somehow conflicts with the Pennsylvania judiciary's constitutionally established power to impose a criminal sentence under Article 5, section 1 of the Pennsylvania Constitution. *See* ECF No. 3 at 4. By recalculating his maximum sentence to reflect that he was not awarded credit towards his original sentence for time spent at liberty while on parole, Petitioner maintains that "the Board's recalculation; moving of judicially imposed max dates are a violation of the principle of separation of power doctrine." ECF No. 4 at p. 4. Petitioner appears to equate the denial of credit for time served on parole to an unlawful increase of his judicially mandated sentence.

This precise claim has been uniformly rejected by courts in this Circuit. It is axiomatic that a federal court cannot entertain a habeas petition on any ground other than that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Alleged violations of state law do not fall within the scope of § 2254(a) and, accordingly, are not cognizable in a federal habeas action. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Reinert v. Larkins*, 379 F.3d 76, 94 n.4 (3d Cir. 2004) ("[W]e, as a federal court sitting in habeas jurisdiction, would not have the authority to review a violation of the state constitution."). Petitioner's challenge to the Board's statutory authority to recalculate his maximum sentence under Pennsylvania law falls squarely into this category.[5] *See, e.g., Crosby v.*

---

[4] This statute states that for convicted parole violators whose parole has been revoked, "the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted and, except as provided . . . , shall be given no credit for the time at liberty on parole." Pa. C.S.A. § 6138(a)(2).

[5] Even if Petitioner's claim was cognizable, the Pennsylvania Supreme Court explicitly rejected it several decades ago in *Young v. Com. Bd. of Prob. and Parole*, 409 A.2d 843 (Pa. 1979). In *Young*, the court explained that the Board's recalculation of a parole violator's maximum sentence is not a modification of his judicially imposed sentence, but rather a requirement that he serve his entire original sentence. As such, the Board's power to deny credit for "street time" is "not an encroachment upon the judicial sentencing power." *Id.* at 848. Pennsylvania courts have repeatedly cited to and relied on *Young* to deny identical challenges brought by convicted parole

*Pennsylvania Board of Probation and Parole*, 2024 WL 2941539, at *2 (W.D. Pa. June 11, 2024) (argument that an inmate's maximum sentence date cannot be recalculated by the Board under state law is not cognizable under § 2254); *Coker v. Mason*, 2021 WL 1853387 (E.D. Pa. May 10, 2021) ("[A] habeas petition is not an appropriate vehicle to challenge the reasonableness of a state court's application of state law."). *See also U.S. ex rel. Heacock v. Myers*, 367 F.2d 583 (3d Cir. 1966) (holding that the Circuit was "in complete accord" with the district court's determination that "[n]o constitutional question is involved in the Parole Board's failure to give relator credit for time on parole and its adjustment of the expiration date of his new maximum.") (citing *U.S. ex rel. Heacock v. Myers*, 251 F.Supp. 773 (E.D. Pa. 1966)).

III.    Conclusion

For each of these reasons, Petitioner's claim is non-cognizable, procedurally defaulted, untimely, and legally meritless. His petition for writ of habeas corpus will be denied, with prejudice.

IV.    Certificate of Appealability

The Antiterrorism and Effective Death Penalty Act of 1996 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id.

---

violators. *See Crosby*, 2024 WL 2941539, at *2 (citing *Edmondson v. Pennsylvania Parole Bd.*, 2022 WL 2713204, at *2 (Pa. Commw. Ct. July 13, 2022) ("It is well settled that the Parole Board does not violate the separation of powers doctrine when it recalculates a [convicted parole violator's] maximum sentence date.")).

§ 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner's claims should be denied as untimely. Accordingly, no certificate of appealability will issue.

DATED this 3rd day of March, 2025.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE